3-16-0-4-1-2 People of the State of Illinois and I believe by Martha Austo v. John Terry's Williams & Collins by Matthew Lemke Mr. Lemke Good morning. My name is Matthew Lemke. I'm an assistant public defender for the Office of the State Public Defender. And I represent John Terry's Williams in this case. At issue in this case is whether John Terry's Williams should have been permitted to withdraw his guilty plea. We've raised four issues in our brief. I'd like to just focus on the first issue for our meeting today. The remaining issues will rely on our pleadings. Mr. Williams moved to withdraw his guilty plea in the lower court. And, in part, the reason for his move to withdraw his guilty plea was he wished to present a consent defense for his charge. As this court well knows, there are several factors or circumstances in which a trial court is permitted to, well, permitted a defendant to withdraw his plea, one of which is a meritorious defense. And that is the route that Mr. Williams tried to withdraw his guilty plea and that is the route that we are in today. Certainly, the court has discretion whether to permit a withdrawal of a guilty plea. But case law has established that that discretion should be exercised in favor of innocence, liberty, and preference for a jury decision on that case. Whether or not the trial court believes a particular defense or believes in actual innocence is not the inquiry. In fact, the Morreale case provided that just the fact that a defendant may be found guilty in itself is not a reason to deny a motion to withdraw a guilty plea. In this case, as I stated, Mr. Williams moved to withdraw his guilty plea because he has a meritorious defense, in this case, consent. The trial court erred when it went to consider the merits or the credibility, whether it believed Mr. Williams' defense. A meritorious defense is a state of art. It's in use in other terms, other areas of the law, which this court well knows. I've not been able to find any case law defining it or construing it in this context in a criminal withdrawing a guilty plea. It certainly has been used in other areas of the law. And where it has been used in other areas of the law, it is a question of law. It is a question of you de novo whether there was a meritorious defense. And because it's a question of law, there is no room for a credibility determination or for the court to decide whether it thinks that the defense will ultimately be meritorious at trial. That determination is for a jury. So, I mean, how could whether defense is meritorious, how could that possibly be an issue of law in all issues of fact? I know you're on there. Where it's used in other areas of law, it is a legal judgment to determine whether it's a full defense, whether the meritorious defense proffered by that individual defendant is legally a full defense to the allegation. So, in this case, Mr. Williams was charged with a sexual assault, so consent would be a full, legally cognizable defense. But the position you're taking, you're trying to take a new position in this particular format, aren't you, in this area? A new position as to constrain the meritorious defense, Your Honor? I know about these standards that it's a legal question. I'm not sure that it's a new position. Because you're talking about it's in other areas. That's correct, right? Yes, Your Honor. And I've not been able to find any case law in the criminal context of withdrawing the plea to even construe it. So, I don't know that it would be a new... Well, I'll put it this way. If you can't find any case law, it perhaps suggests that it's sort of a novel position. Well, if there are, I would posit that it's not a new novel position because it's been so well established in other areas. In other areas. But I'm not focusing right here in this area. It's a novel position in this area. I don't know that it's novel. I think it's a commonly, well, it's a tried and true, long-held term relief. In other areas of the law, in a causation analysis, as a result of, is used in different areas of the law, criminal and civil. And that is commonly used to develop a causation degree. And case law for criminal and civil cases can be used in different areas of the law because that's such a universal term in the law. So, I would posit that meritorious defense, when it was, when originally the law was crafted in the common law, that it was not crafted in a vacuum. It was crafted in the body of the law. So, an understanding in one place, using that term of art, would have the same understanding in a similar use. And it is a similar use here than it would be used in other contexts. So, if I just may back up a little bit, I just want to make sure that it's clear that I've stated, this trial court is very clear that it engaged in a fact inquiry and a credibility inquiry. The trial court specifically said, when it made its findings, that it considered the manner, the character, and the demeanor of Mr. Williams in his testimony. He also went on to say he cited a verbal testimony and inconsistent replies. These are factual concerns, and certainly this is a credibility judgment. So, I understand what you're saying is that all he has to do is allege a meritorious defense, and there's no proof. It's just like saying, like in a civil situation, you plead statute of limitations. They say, well, okay, if you can prove that, then that's a meritorious defense, but you can plead that. So, you're saying all you have to do is allege something that is a meritorious defense as a matter of law, for example, consent, as opposed to if you say, well, I've got a defense. The crime happened on Thursday. The crime happened on Thursday, pal, is not a meritorious defense to whatever crime you're convicted of as a matter of law. So, you're saying no factual determination at all. But in this context, all he's got to do is allege something that, if proven at trial, would be a meritorious defense. I agree with you in part, Justice Schmitt. The case law dealing with meritorious defense, it must be, you must allege sufficient facts to justify that defense or to support that defense. Right, okay. We're a fact-pleading state, so you'll plead those facts. And as far as you know, would we be the first court in the free world to adopt that position in a criminal case? No, Your Honor. I have not found any cases specifically addressing this issue in our state, but certainly other jurisdictions have followed this approach. And I cited the D.C. Circuit case. I believe it's Gerhardt in my brief. That's the approach that was taken by the D.C. Circuit. A defendant in a similar case tried to withdraw his plea, and the trial court engaged in a fact-based credibility inquiry. And ultimately, the D.C. Circuit reversed and said that a trial court should not engage in a credibility, should not engage in a fact-finding mission in this context, because that's for the jury. I do want to point out, as I'm sure my colleague who will follow me will point out, there are cases after this Gerhardt case to distinguish circumstances. So the Gerhardt case clarified this rule and kind of laid out this approach, I think, in clear terms. Subsequent cases have not always followed that rule. And where I would see this as an exception is where a defendant has made a sworn statement that is contradictory to his claim, whether it's a claim of defense or innocence, depending on the circumstance. So in this case, had Mr. Williams made a sworn statement that, yes, I did this without consent, or, yes, I agreed to the proper under oath that it was done without consent, I think had he done that, we would not be able to have this argument today because of the subsequent cases. But that is not the case. Mr. Williams made no sworn statement contrary to his proper defense in this case. And the subsequent cases that I've referred to and that we discussed in the pleadings, DC-certified cases, they discuss that very issue where the trial court properly denied the defendant's motion to withdraw his plea because, despite his, whether it's a claim of innocence or defense, the defendant also made contradictory sworn statements. All right. I'm sorry. So you answered my question. Thank you. So I stated that I think it's very clear that the trial court engaged in a credibility inquiry. The trial court made no inquiry or consideration analysis of whether that defense would be sufficient or whether the facts alleged would even be sufficient to justify that defense. Because of that, I think that constitutes error. And because this is a matter of law, I think that this court can grant Mr. Williams the relief that he is requesting. Because it is a matter of law, this court has just the same viewpoint and the same facts and information available to it as the trial court did. So I think that this court is able to grant the relief that he is requesting. I ask that this court exercise its discretion in favor of innocence, liberty, and preference for a jury trial. We ask that you reverse the trial court's determination, remand for further pleadings, and instruct the lower court to allow Mr. Williams to withdraw his plea. Any other questions? I have a question. What effect does Bingham have on these issues? I don't believe so. That addresses, I think, the second issue in our brief. Second, I think third. I don't think it does affect it. I still believe that the requirements imposed upon Mr. Williams are a punishment. I don't believe that that case undermines prior rulings by this court and others that they are punishments. I think Bingham addresses a separate issue altogether. Beyond that, I can't rely on it for that issue. No D.C. circuit has said that since 84. I'm not aware of any cases that have specifically addressed that issue, aside from the exception that was handled through the station. You cite, I take it, every case you could find from the D.C. circuit after that first Gerhardt case. I don't know if I can say that I cited everyone. Certainly between Mr. Oswald and I, I have cited several that address the issue. About three or four. Pardon me, Your Honor? Can we remember about three or four? I think something in that ballpark. And I think that those subsequent cases address what was a conflict in the law, or not a conflict, I should say, but a conflict between different cases. And those subsequent cases, as I said, they ended up carving out an exception to the rule, the approach taken in Gerhardt. I do not believe that any of the subsequent cases undermined Gerhardt, so I believe that that approach stands to this day. Are there any other federal circuits that have ever taken that approach, to your knowledge? You know, I'm not aware of any. I didn't do an entire all-circuit research. Maybe when you look for it, though, you look for that principle, and would cite any case you could have found with regard to that principle. Is that correct? I can't say, certainly, if I would have come across any. The Gerhardt case certainly stated that principle in a clear, articulate manner, and that's why I think... And that was in the 50s? Pardon me, Your Honor? That was in the 50s? I believe so. I did not do an extensive search of all federal case laws, so there may be other approaches. I want to, or maybe I shouldn't, but I want to say I think there was an 11th Circuit case, but I don't recall. I didn't search or research. Now, in Illinois, our Supreme Court or the other courts, the appellate court, no one's ever stated that approach, have they? Well, Your Honor, there's one case, I believe it's the Felton case, I did not cite it. I think it might be an unpublished case, actually. I did not cite it in our case, but they certainly addressed this issue, but it was not determined to the case. It was not, it was dicta, basically. Oh, and it was Rule 23? I believe so. So it acknowledged this issue, but it was not, I guess, determined to. So it didn't address it? I don't believe so. I mean, it talked about it. Right. Any other questions? Thank you, Mr. Conkey. Mr. Oswald.  I'm going to basically focus on also the first issue and not delve into the other issues this morning, the argument. And we're going to go right into this meritorious defense issue that counsel has discussed here. To determine whether you have a meritorious defense, the trial did not necessarily must consider a defendant's theory of defense. The Davis-Mallett case puts a defense worthy of consideration by a jury. The defendant cited the airport from the DC circuit, which warned against weighing the merits of a proper defense when considering a motion to withdraw. But as this Court has already mentioned, the people cited two subsequent cases from the same circuit, Bennett v. White, that contrary to the defendant's claim as a reclined reason, excuse me, specifically objected to the airport on that particular issue. And the Bennett court followed a move from Austin in that same circuit, permitting a trial justice to disbelieve a claim of innocence. The people also cited Brown, Hall, and Risley from our Supreme Court, who specifically allow a trial judge to consider whether a defendant has a plausible defense. And as a reply group, the defendant cited Crowledge and claimed it supported that a trial judge should learn at the inquiry to whether a proposed defense is reasonably plausible and, if taken true, the defendant alleged facts to support his or her defense. The Crowledge court actually said that a defendant should be allowed to withdraw a guilty plea for any reasonable ground is offered for going to the jury and that this is up to the trial judge's discretion, which should be exercised in favor of innocence and liberty. Neither the defendant's trial counsel nor his motion to withdraw counsel did the Facebook entries that the defendant claimed could violate him. He made diligent efforts to get into his Facebook account and eventually Facebook said it didn't exist anymore. And he only brought this up about a month before trial when he had no memory of this event even happening at one point. Thus, the defendant did not have a meritorious defense or a reasonable ground worthy of consideration by a jury. And in his brief, the defendant finally argued that the trial judge improperly considered the defendant's credibility. But the Fourth District in Glover clearly states that a trial judge is to make credibility determinations when deciding whether to allow a motion to withdraw. I think we're going to stand on a brief for other argument as this court confirmed. I don't know if you have any questions. Thank you, Mr. Osborne. Mr. Lampion, any rebuttals? I just would like to address, I don't believe I mentioned it earlier, the facts underlying Mr. Williams' consent defense. So while the messages that Mr. Williams and his counsel were not able to obtain in previous proceedings, that alone is not necessary to a consent defense. Certainly, Mr. Williams could testify at a trial proceeding. Certainly, he could call the complainant in this case to testify at a further proceeding. And she could be cross-examined on the messages. She could be cross-examined on whether she had the messages. These types of messages are something that are often carried on personal phones, things like that. So certainly, she could be examined on that, and her credibility could be examined. Also, there was a witness who had access to the digital electronic accounts where the messages were allegedly stored. That witness could also be called, and it could be questions of seeing the messages, was aware of the messages, or was aware of any other relationship detail. Certainly, other witnesses who may be aware of the relationship to Mr. Williams and the complainant could also testify. Countless cases go to trial based on mere testimony. Just the fact that Mr. Williams doesn't have, at this time, a paper to show the court his messages does not in itself undermine his consent defense. I think certainly based on the facts that allegedly he made out in the consent defense, certainly more investigation could be done to bolster that defense. With that, unless the Court has any other questions, I will end my time. Now, the trial judge has a record of the plea itself. The trial judge? Yes. Can you consider that? As to the proclamation? Well, as to the plea. I'm not sure I understand the question. So could the trial judge consider that earlier record, what was said? I think that the trial court could consider admonishments in Mr. Williams' response, and certainly in the D.C. court cases that we've been discussing, I think certainly that comes into play. But I don't believe that there's a statement while Mr. Williams is under oath where he makes any contrary statements to his defense. Are there any other questions? Otherwise, I will end here. Thank you. Thank you all. Thank you all. Thank you, too. This matter will be taken under advisement, and a written disposition will be issued.